Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner, in Industrial Commission Form 21 Agreement for Compensation for Disability, approved by the Industrial Commission on 12 November 1992, in Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on 4 March 1993, and in an Order on Final Pre-Trial Conference, dated 30 September 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is self-insured; Key Risk Management Services, Inc., is the adjusting agent.
4. On 31 August 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
5. An unapproved Industrial Commission Form 26, dated 15 October 1993, marked as Stipulated Document 1, is stipulated into evidence.
6. Defendant's Exhibit 1, prefaced by a letter dated 7 October 1994 from Ms. Linda Bess to counsel for the defendant, marked as Stipulated Document 2, is stipulated into evidence.
7. A videotape of plaintiff, from Mr. Scott Pope, marked as Stipulated Exhibit 3, is stipulated into evidence.
8. As a result of plaintiff's compensable injury on 31 August 1992, plaintiff received temporary total disability compensation from 14 September 1992 to 20 September 1992; 29 September 1992 to 12 November 1992; 20 January 1993 through 22 July 1993; and temporary partial disability compensation from 22 July 1993 through 6 October 1993. The parties further stipulate that plaintiff has received everything which he was entitled to receive through 6 October 1993.
*******************
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Charles L. Branch, Jr., M.D.; Daniel Hamaty, M.D., and Raymond Charles Sweet, M.D., are OVERRULED.
*******************
The Full Commission adopts in part and modifies in part the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was born 19 October 1961 and has a tenth grade education.
2. Plaintiff's previous employment includes work detailing cars, mechanical work on automobiles and work in the textile industry.
3. On 31 August 1992, plaintiff was employed by defendant-employer as a gear cutter. Plaintiff's duties included making gears for textile machines.
4. On 31 August 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. As a result of his compensable injury, plaintiff sustained ruptured discs at the T10-11 and T8-9 levels.
5. Following his compensable injury on 31 August 1992, plaintiff received payment of temporary total disability compensation from 14 September 1992 to 20 September 1992; 29 September 1992 to 12 November 1992; 20 January 1993 through 22 July 1993; and temporary partial disability compensation from 22 July 1993 through 6 October 1993.
6. As a result of his compensable injury on 31 August 1992, plaintiff has been seen and examined, inter alia, by Steven A. Lovejoy, M.D.; Raymond Charles Sweet, M.D.; Daniel Hamaty, M.D.; and Charles L. Branch, Jr., M.D.
7. Following plaintiff's compensable injury on 31 August 1992, a light duty position was procured for plaintiff by defendant-employer which was within plaintiff's capacity to work and earn wages, beginning 22 July 1993. Plaintiff has been capable of earning diminished wages with this light duty work which is suitable to plaintiff's capacity to earn wages from 22 July 1993 through the present.
8. As a result of his compensable injury on 31 August 1992, plaintiff refused to undergo thoracic disc surgery. To date, no Order from the Industrial Commission has been filed ordering plaintiff to undergo thoracic disc surgery.
9. Since plaintiff refused to undergo thoracic disc surgery, as a result of his compensable injury on 31 August 1992, plaintiff reached maximum medical improvement by 18 April 1994. As a result of his compensable injury on 31 August 1992, plaintiff has a five percent permanent partial disability to his back.
10. Although plaintiff had the capacity to earn diminished wages with defendant-employer in the light duty position which was suitable to plaintiff's capacity to earn wages from 22 July 1993 to the present, plaintiff refused to continue in the proffered employment following 6 October 1993 as a result of his subjective complaints of pain, and never returned to work. In the opinion of the Full Commission, plaintiff's refusal to continue in the proffered employment was not justified.
11. At the time plaintiff reached maximum medical improvement, based upon the opinion of his treating physician in a letter to defendant-carrier dated 18 February 1994, plaintiff was capable of working light duty work for four hours per day. The approved light duty machinist job that was offered to plaintiff paid $9.50 per hour. Plaintiff has been capable of earning $190.00 (20 hours x $9.50) per week from the time he reached maximum medical improvement through the date of hearing and continuing. The more favorable remedy for plaintiff is to elect benefits under N.C. Gen. Stat. § 97-30.
12. On 31 August 1992, plaintiff's average weekly wage was $617.50, yielding a compensation rate of $411.69.
*******************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified. G.S. § 97-32.
2. In the opinion of the Full Commission, plaintiff's refusal to continue the employment procured for him following 6 October 1993 was not justified. G.S. § 97-32. Plaintiff's refusal precludes him from receiving workers' compensation benefits during the healing period. Plaintiff is entitled to compensation for permanent partial disability. N.C. Gen. Stat. §§ 97-32; 97-30 and97-31.
3. As a result of his compensable injury on 31 August 1992, plaintiff has a five percent permanent partial disability of the back and is capable of light duty work, four hours per day. The light duty machinist job paying $9.50 per hour which was offered to plaintiff is suitable to plaintiff's physical restrictions. Since plaintiff is only capable of earning diminished wages of $190.00 per week as a result of his compensable back injury, he is entitled to partial disability compensation at the rate of $285.01 [($617.50 — $190.00) x .6667], for up to 300 weeks from the date of injury.
*******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. For his permanent partial disability of his back and resulting diminished capacity to earn wages, defendant shall pay partial disability compensation to plaintiff at the rate of $285.01 per week from the date of maximum medical improvement on 18 February 1994 for a period of up to 300 weeks from the date of injury. Accrued amounts shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in Paragraph 3.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on 31 August 1992, when bills for the same shall have been submitted to defendant pursuant to approved Industrial Commission procedures.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel and thereafter plaintiff's counsel shall receive every fourth check due plaintiff.
4. Defendant shall pay the costs the due this Commission.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ COY M. VANCE COMMISSIONER
BSB:md